UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRADESMEN INTERNATIONAL, LLC, | ) | CASE NO. 5:15-cv-1368 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| TRADESMEN STAFFING, LLC, | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is defendant's motion for relief from the Clerk's entry of default[1] and for dismissal for lack of personal jurisdiction (Doc. No. 17 ["Mot"]). Plaintiff has filed its opposition (Doc. No. 23 ["Opp'n"]), and defendant has filed a reply (Doc. No. 24 ["Reply"].)[2] For the reasons set forth herein, the motion to set aside the entry of default is **granted**.

### I. DISCUSSION

**A.  Background**

    **1.  Factual Allegations**

On July 9, 2015, plaintiff Tradesmen International, LLC ("Tradesmen" or "plaintiff") filed its complaint against defendant Tradesmen Staffing, LLC ("Staffing" or "defendant") alleging trademark infringement, false designation of origin, unfair competition, and unjust enrichment. (Doc. No. 1, Complaint ["Compl."].) Tradesmen sought a permanent injunction and

---

[1] The motion actually seeks relief from a "default judgment" which, as properly noted by plaintiff, is non-existent. After the Clerk noted the default on November 5, 2015, plaintiff filed a motion for default judgment and for permanent injunction. (Doc. No. 14.) That motion is being held in abeyance by the Court pending resolution of the instant motion, which is construed as a motion to set aside the entry of default. (*See* Doc. No. 21.)

[2] Plaintiff also moved for leave to file a sur-reply (Doc. No. 25) and attached the proposed sur-reply to the motion. Defendant opposed the motion for leave (Doc. No. 26) and plaintiff filed a reply (Doc. No. 27). The Court finds no need for a sur-reply and, therefore, Doc. No. 25 is **denied**.

damages. Staffing is allegedly an Idaho limited liability company with its principal place of business in Twin Falls, Idaho, where its registered agent for service of process is also located. (*Id.* ¶¶ 3, 4.)

Tradesmen's complaint alleges that Tradesmen "is engaged in the business of providing labor staffing strategies including [temporary] employment placement services for skilled workers [in interstate commerce]." (Compl. ¶¶ 7, 9.) Tradesmen owns a certain registered trademark and design that it has used continuously in connection with this business. (*Id.* ¶¶ 8, 9, 10.)

Tradesmen alleges that Staffing is using an infringing mark ("a colorable imitation" of plaintiff's mark) in connection with a similar temporary employment placement service that it operates online via a website. (*Id.* ¶¶ 15, 16, 18.) On or about January 20, 2015, Tradesmen gave written notice to Staffing that its use of the mark TRADESMEN STAFFING creates a significant likelihood of confusion, and demanded that Staffing desist in its use of that mark. (*Id.* ¶ 19; Ex. 4.) Staffing has allegedly continued to use the mark. (*Id.* ¶ 20.)

**2.     Procedural Background**

On August 13, 2015, the summons and complaint were mailed to Staffing by the clerk via certified mail. (*See* docket entry of 8/13/15.) The mail, which had been addressed to Staffing c/o its registered agent, April Vesser [sic], at 245 Canyon Crest Drive, Twin Falls, Idaho 83301, was returned to the Clerk on September 15, 2015 marked as "unclaimed, unable to forward," after service had been attempted on August 17, 2015, August 27, 2015, and September 2, 2015. (*See* Doc. No. 8.) On September 24, 2015, upon plaintiff's request (Doc. No. 9), the clerk served the summons and complaint by ordinary mail, utilizing the same mailing address. (*See* Doc. No. 10.) There is no notation on the docket that this mail was ever returned as undeliverable.

On November 5, 2015, Tradesmen applied to the clerk for entry of default (Doc. No. 11), and default was noted by the clerk on the same day (Doc. No. 12). A copy of the default entry was mailed to Ms. Visser at the same address that had been used all along. (*See* docket entry dated 11/5/15.) Again, the docket contains no notation that the mail was ever returned.

On December 17, 2015, there being no further action in the case with respect to the default, the Court issued an order for plaintiff to show cause why the case should not be dismissed for want of prosecution. (Doc. No. 13.)

On December 22, 2015, Tradesmen filed its motion for default judgment and permanent injunction (Doc. No. 14), along with its response to the show cause order (Doc. No. 15).

On December 22, 2015, following the filing of the motion for default judgment and the response to the show cause order, an attorney seeking to represent Staffing filed a pro hac vice motion. (Doc. No. 16.) That motion was granted the next day.

On December 28, 2015, the instant motion to set aside the default and to dismiss for lack of personal jurisdiction was filed, along with supporting declarations. (Doc. Nos. 17, 18, 19.)

The parties jointly filed a "consent motion" on January 12, 2016, seeking to extend the deadlines for briefing the default judgment motion. (Doc. No. 20.) They represented to the Court that they were seeking a "business resolution[.]" (*Id.* at 153.) The Court granted the motion, ordering an opposition brief by January 29, 2016 and a reply by February 12, 2016. (*See* Doc. No. 21.) Apparently the "business resolution" did not transpire because briefs were timely filed and the motions are now at issue.

**B.     Governing Law and Analysis**

Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The rule distinguishes between

3

an *entry* of default and a *judgment* of default. Here, default has been entered (i.e., noted) by the Clerk, but no default judgment has been issued by the Court.[3]

To set aside the entry of default, the Court must find "good cause." Three equitable factors are considered in determining whether good cause has been shown: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006)[4] (*quoting Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992), *citing United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983)). Balancing the three equitable factors is required.[5]

Here, defendant does not distinguish between the requirements for setting aside an *entry*, versus a *judgment*, of default. Instead defendant goes straight to the heart of the matter, arguing that this Court has no personal jurisdiction over defendant, rendering any order of the Court void *ab initio*, and absolutely prohibiting any final judgment of default. *Days Inns Worldwide, Inc. v. Patel,* 445 F.3d 899, 903 (6th Cir. 2006) ("The validity of a court order depends on the court having jurisdiction over the subject matter and the parties.") (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)).

---

[3] Staffing's motion repeatedly asks this Court to set aside the "default judgment." No such judgment has been entered, although Tradesmen has sought one by way of motion. (*See* Doc. No. 14.)

[4] *Cert. denied*, 549 U.S. 913 (2006); *reh'g denied*, 549 U.S. 1103 (2006).

[5] In contrast, where a default *judgment* is sought to be set aside, lack of culpability on the part of the defendant must be established first before the defendant is allowed to offer proof on the other two factors. *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). When an entry of default has ripened into a default judgment, the three equitable factors must be considered, but the Court must also "determine whether the [defaulting party] has met the stricter requirements of Rule 60(b)." *Burrell*, 434 F.3d at 832 (*citing Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433 (6th Cir. 1996)).

This argument addresses the second of the three factors the Court must weigh, that is, whether there is a meritorious defense. Although "personal jurisdiction is a due process right that may be waived either explicitly or implicitly," *id.* at 905 (citation omitted), "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor,* 694 F.3d 650, 655 (6th Cir. 2012), *cert. denied,* -- U.S. --, 133 S. Ct. 1473, 185 L. Ed. 2d 365 (2013) (further citations omitted).

"'[D]efects in personal jurisdiction are not waived by default when a party fails to appear or to respond ... until after the default judgment was entered.'" *Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011) (quoting *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1121 (6th Cir. 1994)). Here, defendant did not voluntarily submit to the jurisdiction of the Court in a manner that would have constituted a waiver. *See*, *King*, *supra*. Rather, defendant is before this Court by special appearance specifically to challenge personal jurisdiction. (*See* Doc. No. 16.) The question of personal jurisdiction over defendant is a threshold question and constitutes a meritorious defense. The second factor, therefore, weighs in defendant's favor.

Plaintiff seems to suggest that failure of service, if any, is attributable to the culpability of defendant (the first factor) in failing to keep its service address updated. The Court notes that defendant does not argue that service was improper or, for that matter, that service was ineffective.[6] Defendant does not claim that it never received the final service by ordinary mail. However, even if defendant had not received service due to its failure to update the service address of its registered agent, given the declaration of Joe Visser that accompanies the instant

---

[6] "[The] three factors only require consideration when service of process is properly effected because without proper service the court has no jurisdiction to take any action over the defendant, including entering a default." *Adams v. Wilmington Finance/AIG*, No. 12-cv-10308, 2012 WL 2905918, at *1 (E.D. Mich. Apr. 10, 2012). Therefore, "if service of process was not proper, the court must set aside an entry of default." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).

motion, the Court cannot clearly conclude that this failure amounted to culpable conduct. Mr. Visser attests that the address on file is that of a residence where he and his wife, the statutory agent, no longer reside. (Doc. No. 18 ["Visser Dec."] ¶ 16.) He further attests that they were forced to relocate after receiving death threats from an individual who is currently being prosecuted by Ada County, Idaho. They did not update the address for fear of being found by this individual. (*Id.* ¶¶ 17-19.) In light of these uncontested facts, the Court concludes that the first factor does not weigh in either party's favor.

Finally, the Court concludes, despite plaintiff's argument to the contrary, that plaintiff will not be prejudiced if the entry of default is set aside (the third factor). Plaintiff makes an argument that there have already been incidents of actual confusion and that setting aside will cause "[f]urther delay [that] may result in the loss of memory of [plaintiff's] customers" regarding those alleged incidents. (Doc. No. 23 at 188.) The Court is not convinced that time is of the essence. Plaintiff's own brief in opposition includes exhibits showing that plaintiff's counsel was in communication with defendant's counsel about the subject matter of this dispute well before the filing of this complaint, already adding a certain amount of delay. Then, by failing to exercise the professional courtesy of advising defendant's counsel (with whom plaintiff had been in communication) that the complaint had been filed, plaintiff arguably exacerbated the situation. Moreover, plaintiff did not seek entry of default until this Court issued an order to show cause why the case should not be dismissed for want of prosecution. Finally, after defendant's motion was filed, plaintiff joined in a motion for extension of time to brief the motion while the parties attempted to reach a business resolution. The Court concludes that the third factor weighs in defendant's favor.

Federal courts generally favor decisions on the merits; therefore, "any doubt should be resolved in favor of the petition to set aside the judgment[.]" *United Coin Meter Co.*, 705 F.2d at 846 (quotation marks and citation omitted). Under the cited case law, and weighing the three equitable factors, the Court finds that there is good cause to set aside the clerk's entry of default.

### III. CONCLUSION

For the reasons set forth herein, defendant's motion for relief from default judgment (Doc. No. 17), construed as a motion to set aside the entry of default, is **granted** to that extent. This necessitates **denying** plaintiff's motion for default judgment and for permanent injunction. (Doc. No. 14.)

To the extent defendant's motion (Doc. No. 17) seeks dismissal for lack of personal jurisdiction, the motion is **denied without prejudice**. In light of the fact that the parties previously advised the Court that they were attempting a "business resolution" of the case, the Court directs the parties to jointly indicate, in writing by September 30, 2016, whether they wish to attempt to mediate their dispute. If the parties do not wish to mediate this matter, then defendant is granted leave until October 12, 2016 to file a responsive pleading. If defendant files a Rule 12(b) motion to dismiss for lack of personal jurisdiction,[7] plaintiff shall file any opposition by November 2, 2016, and defendant shall file a reply by November 16, 2016.

**IT IS SO ORDERED**.

Dated: September 16, 2016

                                           **HONORABLE SARA LIOI**
                                           **UNITED STATES DISTRICT JUDGE**

---

[7] The Court recognizes that Doc. No. 17 sets out an argument for dismissal for lack of personal jurisdiction. But it is in the context of a default, and the Court would find it helpful to consider the argument under Rule 12.